**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America, | Case No.: 2:19-cr-00152-JAD-NJK-1 |
| Plaintiff | |
| v. | **Order Denying Motion to Reduce Sentence under Amendment 821** |
| Gerardo Zarate, | [ECF No. 168] |
| Defendant | |

Defendant Gerardo Zarate is roughly 20 months into serving his 76-month sentence for conspiracy to distribute a controlled substance. He moves for a sentence reduction based on recent changes to the sentencing guidelines known commonly as Amendment 821. The government opposes his motion, arguing that he is ineligible for this relief. Because the sentence that Zarate received was already below the guidelines achieved by applying these changes, I find that Zarate is not eligible for a further sentence reduction and deny his motion.

**Discussion**

The Sentencing Commission submitted criminal-history amendments to Congress in May 2023, they took effect in November 2023, and courts may apply them retroactively beginning in February 2024.[1] In his counseled motion, Zarate argues that he is eligible for a sentence reduction under the provision of Amendment 821 related to zero-point offenders.[2] That provision, added to the guidelines as § 4C1.1, affords a two-level decrease for defendants with

---

[1] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60534 (Sept. 1, 2023).

[2] ECF No. 168.

no prior convictions and whose offense did not involve specific aggravating factors.[3]  The

sentencing court may reduce a defendant's sentence based on this amendment if his "term of

imprisonment [was] based on a sentencing range that has subsequently been lowered by the

Sentencing Commission [under] 28 U.S.C. § 994(o) . . . after considering the factors set forth in

section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by

the Sentencing Commission."[4]  One such policy statement is found in U.S.S.G.

§ 1B1.10(b)(2)(A), which states that "the court shall not reduce the defendant's term of

imprisonment" under this statute "to a term that is less than the minimum of the amended

guideline range. . . ."[5]  So although the sentencing court may reduce a previously sentenced

defendant's term of imprisonment based on Amendment 821, it can't do so if the defendant's

original sentence was already below the new guideline range.

        This is exactly the problem with Zarate's request.  He's right that he qualifies as a true

zero-point offender who would otherwise be eligible to receive the benefits of § 4C1.1.[6]  But, as

the government points out in its response,[7] the sentence that I imposed was already well below

the amended guideline range based on a variance:

| Original guideline calculation | Level 33, Criminal History Category I |
|---|---|
| Original guideline range | 135–168 months |
| New guideline range with two-level decrease under §4C1.1 | 108–135 months |
| Original sentence | 76 months |

---

[3] U.S. Sent'g Comm'n Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023).

[4] 18 U.S.C. § 3582(c)(2) (cleaned up).

[5] USSG § 1B1.10(b)(2)(A).

[6] ECF No. 168.

[7] ECF No. 170 at 2.

Because Zarate's requested reduction would reduce his term of imprisonment to a term that is

below the amended guideline range, I decline to award him a further sentence reduction.

### Conclusion

IT IS THEREFORE ORDERED that Gerardo Zarate's motion for a sentence reduction

under Amendment 821 **[ECF No. 168] is DENIED** with prejudice.

_____

U.S. District Judge Jennifer A. Dorsey
March 12, 2024